On Application for Rehearing

THOMAS, Judge.
On application for rehearing, the City of Montgomery (“the City”) takes issue with our holding that the Montgomery Circuit Court acquired in rem or quasi in rem jurisdiction when Michael Joe Green, Ale-tha Johnson, and Johnny James Brown (“the claimants”) filed a “Complaint for Release and Return of Seized Property” in that court. The City cites Madewell v. Downs, 68 F.3d 1030, 1043-44 (8th Cir.1995), for the proposition that
“[a] motion for return of property pursuant to Mo.Rev.Stat. § 542.301 is more analogous to a motion for return of property pursuant to Fed.R.Crim.P. 41(e) than to a state forfeiture or other in rem proceeding .... [and] an action pursuant to Fed.R.Crim.P. 41(e) does not deprive the DEA or the federal court of jurisdiction over a civil forfeiture action.”
Initially, we note that Madewell is an anomaly among the federal cases that have addressed the issue presented by this appeal. See our opinion on original submission, 55 So.3d at 261-62 (quoting DeSantis v. State, 384 Md. 656, 664, 866 A.2d 143, 148 (Md.Ct.App.2005)). Moreover, Made- *266 well is distinguishable because the claimant in Madewell sought return of the property in the context of a criminal case, via a motion that was, as the United States Court of Appeals for the Eighth Circuit observed, more like a Rule 41(e), Fed. R.Crim.P., motion — or what we in Alabama would call a “motion to suppress” the evidence. See Rule 3.13, Ala. R.Crim. P., and Committee Comments thereto.
“ ‘In contrast to the in personam nature of criminal actions, actions in rem have traditionally been viewed as civil proceedings, with jurisdiction dependent upon seizure of a physical object.’ [United States v. One Assortment of] 89 Firearms, [465 U.S. 354] at 363 [ (1984) ], citing Calero-Toledo [v. Pearson Yacht Leasing Co.], 416 U.S. [663] at 684, 94 S.Ct. 2080, 40 L.Ed.2d 452 [ (1974) ].”
United States v. Ursery, 518 U.S. 267, 289, 116 S.Ct. 2135, 135 L.Ed.2d 549 (1996).
The application for rehearing is overruled.
APPLICATION OVERRULED.
THOMPSON, P.J., and PITTMAN, BRYAN, and MOORE, JJ., concur.